## BARTLETT, apt., *vs.* BARTLETT, adm., ape.

*Satisfaction of a bond will be presumed in twenty years.*

*If the obligee be an infant at the time the cause of action accrues, payment will
be presumed in five years after he attains full age, if that be twenty years
from the accruing of the cause of action.*

APPEAL from the determination of the commissioner on the estate of Sarah Bartlett, disallowing the claim of the appellant.    The declaration filed in the probate office was debt upon a bond of the intestate, dated September 28, 1807.    The defendant pleaded *non est factum*, and filed a brief statement, setting forth that all sums due the plaintiff from the intestate were paid within one year after the supposed execution of the bond : That the cause of action did not accrue within twenty years next before the commencement of the plaintiff 's action, or the decease of the intestate : That neither the plaintiff 's claim, or ground of action, nor said bond, was ever presented to the commissioner, and that he had performed the condition.

The appellant offered in evidence a bond, dated September 28, 1807, executed by the intestate, with a condition, setting forth that whereas the appellant had conveyed to her two thirds of the real estate of Thomas Bartlett, deceased, and whereas the appellant was bound by bond to pay to each of his co-heirs, naming them, the sum of $330, in six months from the 10th of July, 1807, and interest—if said Sa-

rah, the intestate, should pay each of them the aforesaid sum, as the appellant was bound to do, then the bond should be void.

And the appellant proved, that when the bond was given the youngest of the said heirs was but little over the age of twelve, and that another was about fourteen, years ; but it appeared that the appellant himself was of full age. Other facts were stated in regard to the manner in which the claim was presented to the commissioner, but which it is unnecessary to state.

A verdict was taken for the appellant ; judgment to be entered thereon, or to be entered for the defendant, according to the opinion of the court.

*Bell,* for the defendant.

*Bartlett,* for the appellant.

Wilcox, J. The plaintiff's claim rests upon a bond dated September 28th, 1807. The condition recites that, whereas the plaintiff was bound by bond to pay to certain individuals, who were co-heirs with the plaintiff to the estate of Thomas Bartlett, the sum of $330 each in six months from the 10th day of July, 1807, now if the said Sarah, the intestate, should pay each of them the aforesaid sum, as the plaintiff was bound to do, the bond should become void. The money became due January 10th, 1808 ; and more than twenty years having elapsed since that period without any recognition of the claim, upon the well established principles of law the bond must be presumed satisfied and extinguished, unless something can be found to except this case from the ordinary rule of evidence.

It appears, that two of the co-heirs, to whom payment was to be made, were minors at the time the sums due to them became payable : and it is contended, that for this reason the presumption of payment, arising from the lapse of time, is

rebutted.    But the co-heirs had no claim upon the intestate. Their claim was upon the plaintiff ; and this bond was taken by him, and to him, and solely for his own indemnity.    He was not trustee even for them.    He was their debtor, and bound to pay them, whether the intestate performed the condition of her bond or not.

But, even if the plaintiff had been himself an infant when this cause of action accrued, then by analogy to the statute of limitations even in real actions, the presumption of payment would arise in five years after he should attain full age, provided there were twenty years from the time of the accruing of the cause of action.    Now in this case the youngest co-heir had been of full age much more than that period before the death of the intestate.    The verdict must, therefore, be set aside, and

*Judgment for the defendant.*